IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE E. DAVIDSON PLAINTIFF

vs. Civil No. 4:15-cv-04066

CAROLYN W. COLVIN
Commissioner, Social Security Administration DEFENDANT

# MEMORANDUM OPINION

George E. Davidson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed his disability applications on September 7, 2012. (Tr. 26). In his applications, Plaintiff alleges being disabled due to hip problems, knee problems, and shortness of breath. (Tr. 201). Plaintiff also alleged at the administrative hearing that he was disabled due to a right shoulder impairment. (Tr. 50). Plaintiff alleges an onset date of January

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1, 2010. (Tr. 26). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 61-102).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 41-60). Plaintiff's administrative hearing was held on April 2, 2014 in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Hildreem[1] testified at this hearing. *Id.* At this hearing, Plaintiff testified he was sixty (60) years old. (Tr. 45). This age qualifies as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. § 404.1563(e) (2008) (DIB). (Tr. 45). As for his education, Plaintiff testified he had completed high school and had nearly four years of service in the Air Force but had no additional training beyond that service. (Tr. 46).

On April 24, 2014, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 23-35). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 28, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010 (alleged onset date) through April 24, 2014 (ALJ's decision date). (Tr. 28, Finding 2). The ALJ found Plaintiff had the following severe impairments: arthritis, right shoulder impingement, hypertension, and obesity. (Tr. 28-30, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 30-31, Finding 4).

[1] Mr. Hildreem's first name was not included in the transcript. (Tr. 41).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 31-34, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> The claimant has the residual functional capacity to occasionally lift and/or carry (including upward pulling) 50 pounds; frequently lift and/or carry (including upward pulling) 25 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and push and/or pull (including operation of hand and/or foot controls) on an unlimited basis, other than as shown for lift and/or carry. The claimant's ability to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) is reduced by inability to climb, balance, stoop, crouch, kneel or crawl on more than an occasional basis. The claimant also can perform no more than occasional overhead reaching with the dominant right arm.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 34-35, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained his ability to perform his PRW as a carpenter. *Id.* Because Plaintiff retained the capacity this PRW, the ALJ determined Plaintiff had not been under a disability from his alleged onset date of January 1, 2010 until the date of the ALJ's decision or until April 24, 2014. (Tr. 35, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 22). The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On November 3, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 4, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record, and the ALJ failed to fulfill his duty to develop the record. ECF No. 12 at 2-10. In her response, Defendant argues the ALJ properly developed the record, properly supported his ALJ's RFC assessment, and properly determined there are jobs existing in significant numbers in the national economy Plaintiff could perform. ECF No. 13 at 1-14. Because the Court finds the ALJ's RFC determination is not supported by substantial evidence in the record, the Court will only address this issue.

Plaintiff claims he is disabled due to right shoulder pain. (Tr. 50). At the administrative hearing in this matter, he specifically claimed that due to his right shoulder pain, he "can't do overhead work." (Tr. 50). Plaintiff's right shoulder was also examined during a consultative examination on December 8, 2012. (Tr. 284-286). As a part of that examination, Dr. Alexandru Anastase, M.D. found Plaintiff should be limited in "overhead lifting due to shoulder pathology." (Tr. 286). Dr. Anastase did not, however, state any *specific* limitations Plaintiff had in overhead reaching and lifting, and the record is not clear as to *how* limited Plaintiff was due to his right shoulder impairment.

Despite Dr. Anastase's ambiguous finding on this issue, the ALJ still found Plaintiff could perform "occasional" overhead reaching with his right arm. (Tr. 31, Finding 5). The ALJ did not completely restrict him from performing overhead reaching. The ALJ went on to state that this finding was "fully consistent" with Dr. Anastase's assessment. (Tr. 33).

Upon review, however, it is entirely unclear if the ALJ's finding regarding Plaintiff's ability to reach overhead *is consistent* with Dr. Anastase's assessment. Indeed, Dr. Anastase did not provide any specific limitations or provide Plaintiff could perform "occasional" overhead reaching. Furthermore, the ALJ has provided no other evidence supporting his determination that Plaintiff can perform "occasional" overhead reaching. Thus, because of this ambiguity, the Court finds the ALJ's RFC assessment is not supported by substantial evidence in the record, and this case must be reversed and remanded.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and

remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 21st day of April 2016.**

                                                             /s/   Barry A. Bryant
                                                             HON. BARRY A. BRYANT
                                                             U.S. MAGISTRATE JUDGE